WESLEY KOYEN, EVA KOYEN, His Wife, G. W. THIRIOT and DEAN P. THIRIOT and WINIFRED E. GREEN, Appellants, v. LINCOLN MINES, Inc., a Nevada Corporation, Respondent.

No. 3443

June 26, 1946.                              171 P. 2d 364.

*Dilworth Wooley*, of Manti, Utah, and *Morse, Graves & Jones*, of Las Vegas, for Appellants.

*Lewis & Hawkins*, of Las Vegas, and *Senior & Senior*, of Salt Lake City, Utah, for Respondent.

## OPINION

By the Court, DUCKER, J.:

This action was brought to obtain a declaratory judgment to determine a controversy which arose between the lessors and the lessee of certain mining claims as to who must pay the tax levied against the lessors under the provisions of sec. 6580, N. C. L., as amended by chapter 174, Statutes of Nevada 1939, on account of the receipt of royalties under the terms of the lease agreement.

The five appellants, four of whom brought the action, are the lessors in said lease. The other was thereafter joined as plaintiff. Judgment was rendered against them on the pleadings from which, and the order overruling their motion for a new trial, this appeal was taken. No question of fact is involved. The errors assigned embrace the one question of law above stated.

There were two leases executed by the lessors in respect to the mining claims involved. The first executed by them on June 2, 1938, contained the following stipulation as to the payment of taxes:

"The lessees further agree that they will pay all taxes levied or assessed by the state or county upon the net proceeds of any ores extracted and sold under the terms of this lease and the amount assessed against said royalties. * * *"

On March 18, 1940, all of the lessees' interest in and under said lease of June 2, 1938, was assigned to Lincoln Mines, Inc., the respondent, and on March 20, 1940, the parties herein entered into a modified lease agreement which amended and modified the original lease agreement. In this latter lease the stipulation in the former lease as to the payment of taxes was eliminated and the following stipulated as to the payment of such taxes:

"The lessee further agrees that it will pay all state and county taxes having to do with the assessment and taxation of net proceeds of mines, resulting from the production of ores from lessee's mining operations."

Under these facts and the applicable law we reach a different conclusion from the court below, and are of the opinion that the respondent is obligated to pay the tax on the royalties. The legislation for carrying into effect the provisions of the constitution that the proceeds alone of unpatented mines and mining claims shall be assessed and taxed, is found in sections 6578 to 6591, inclusive, N. C. L. 1929, and amendments thereto. The particular provision applicable to the facts of this case is paragraph 10 of section 3 of the said 1939 amendment, which reads:

"All moneys paid as royalties by a lessee or sublessee of a mine, or by both, shall constitute a deductible item for such lessee or sublessee in determining the net proceeds of such lessee or sublessee or both; *provided, however,* that the royalties so deducted by said lessee or sublessee, shall constitute part of the gross yield of the mine for the purpose of determining the net proceeds upon which a tax shall be levied against the person, corporation, association, or partnership to which the said royalty has been paid."

A 1937 amendment to said section 3, chapter 68, paragraph 10, provided in part:

"The actual amount deducted from the proceeds and/or paid as royalty by a lessee and/or sub-lessee of a mine shall be and constitute a deductible operating expense of such lessee and/or sub-lessee, and shall not be taxable against such lessee or sub-lessee. * * *"

Prior to this amendment under the original act, royalties were not deductible as an item of costs in determining net proceeds, and consequently were a part of the net proceeds and taxable as such.

In our decision in Goldfield Consolidated Mines Co. v. State, 60 Nev. 241, 106 P. 2d 613, 616, it was held that under the 1937 amendment royalties were not taxable as net proceeds. We said further:

"The Legislature, in its enactment of 1939, seems to have recognized the fact that by its enactment of 1937, it set out from net proceeds of mines certain amounts paid as royalties, which had theretofore been taxed as net proceeds, and that in excluding such royalties from the net proceeds it made no provision for taxes on such royalties; and, doubtless being desirous of again bringing the royalties under the sphere of taxable property, enacted the amendment of 1939. Such construction should be given the legislative declaration of 1939."

The plain language of said paragraph 10 as it now stands, leaves no doubt in this regard.

It is equally plain that it was the legislative intention to bring royalties within the sphere of property taxable on the basis of net proceeds. The paragraph provides for the exclusion of royalties from net proceeds of the lessee or sublessee, or both, as it did by the 1937 amendment, but constitutes them a part of the gross yield from which shall be determined the net proceeds of the one receiving the royalty upon which a tax is to be levied against such person or entity.

As the statute provides no method for determining the net proceeds of the one receiving the royalty, for it is delivered without operating cost, the same must

necessarily be determined on the basis of the cash value of the same. Homestake Exploration Corporation v. Schoregg, 81 Mont. 604, 264 P. 388–393. Section 3, as amended in 1939, provides for net proceeds of a lessee or sublessee, or both, and net proceeds of the one having the royalty interest. The constitutional provision that the proceeds of unpatented mines and mining claims shall be assessed and taxed is, by this amendment, given full effect, as was the case prior to the 1937 amendment.

The modified lease agreement as to the payment of taxes by the lessee (respondent) on the net proceeds of mines resulting from the production of ores from lessee's mining operations, is all inclusive. It reflects the obvious intention of the parties that the lessee (respondent) was to pay all state and county taxes having to do with the net proceeds of mines resulting from the production of ores from lessee's mining operations. In construing it we see no reason for ignoring its literal sense. Just why the parties departed from the tax-paying stipulation in the original lease in which payment of the amount assessed against royalties was expressly stipulated, and resorted to general phraseology expressing the same meaning, is not apparent. But it could be because of the legislative change after the original lease was executed. The express stipulation as to royalties was necessary in the original lease under the 1937 amendment to charge the lessees with the payment of taxes thereon. But its inclusion in the modified lease agreement in addition to the stipulation as to the net proceeds would have been surplusage under the 1939 amendment. However, the language subsequently employed is, in our opinion, capable of no other reasonable interpretation than that respondent is obligated to pay the tax upon that part of the net proceeds received by appellants as royalties.

The judgment and order denying a new trial are hereby reversed and the lower court is directed to set them aside and enter judgment for appellants in accordance with this opinion.